Eastern District of Kentucky
F I L E D

OCT 1 9 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-546-GWU

FRED JONES,                                                    PLAINTIFF,

VS:                          MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT,

## INTRODUCTION

Fred Jones brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
5.    Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. 404.1521, 416.921.   The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).  The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work.  Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a  prima facie case by proving that she or he is unable to return to this work.  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles as well as an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural

4

restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

<h2 style="text-align:center">DISCUSSION</h2>

The Administrative Law Judge (ALJ) concluded that Jones, a 48 year-old former coal miner with a high school education, suffered from impairments related to degenerative joint disease of the spine and pneumoconiosis. (Tr. 19, 21). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.[1] (Tr. 25). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 25). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 24).

After review of the evidence presented, the undersigned concludes that

---

[1] Jones was found not suffer from a "severe" impairment in an administrative decision which became final on December 21, 1998. (Tr. 288-292). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). The ALJ did find that "new and material" evidence warranted a departure from this previous finding. (Tr. 20).

5

the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert William Ellis included an exertional limitation to light level work along with such non-exertional restrictions as (1) an inability to lift more than 15 pounds on an occasional basis; (2) an inability to more than occasionally climb, squat, stoop, bend from the waist to the floor, crawl, or reach overhead; and (3) a need to avoid exposure to excessive humidity, environmental pollutants such as dust, smoke, chemicals, fumes, noxious gases, and hazards such as moving machinery and unprotected heights. (Tr. 81-82). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 82). Therefore, assuming that the vocational factors considered by Ellis fairly characterized Jones' condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical fairly depicted Jones' physical condition, as required by Varley. The hypothetical question was compatible with the physical restrictions identified by Dr. Monte Martin, an examining consultant. (Tr. 553). The question was also consistent with the opinion of Dr. Ronald Dubin, another examiner. (Tr. 531). Dr. Glen Baker, also an examiner, precluded only dusty work, a finding compatible with the administrative decision. (Tr. 460). Finally, the question was consistent with the physical restrictions indicated by Dr. S. Mukherjee, a non-examining medical reviewer. (Tr. 471-479). Dr. Humilidad Anzures, another medical reviewer, did not even believe that the plaintiff suffered from a "severe" physical impairment. (Tr. 470). No treating or examining source, including the staff at Appalachian Regional Healthcare (Tr. 404-424), the staff at Central Baptist Hospital (Tr. 425-442), Dr. Craig Nachbauer (Tr. 443), Dr. Abdulkader

6

Dahhan (Tr. 444-447), Dr. Jerome Wiot (Tr. 525-526), Dr. John Dineen (Tr. 527-528), Dr. Byron Westerfield (Tr. 529-530), and the staff at the Veteran's Administration Medical Center (Tr. 533-547) reported the existence of more severe physical restrictions than those found by the ALJ. Therefore, these reports provide substantial evidence to support the administrative decision.

Jones argues that the ALJ erred by failing to specifically present to Ellis, Dr. Martin's limitations concerning an inability to sit continuously for more than hour, an inability to stand continuously for more than 2 hours and an inability to walk continuously for more than 30 minutes. (Tr. 553). The plaintiff asserts that one so limited would not be able to perform a full eight hour work day and, so, a finding of disabled status was required. The claimant's argument is without merit. Dr. Martin indicated that these time limitations were for what could performed in a continuous period, not what could be performed totally during a workday. The sit/stand-at-will option presented to Ellis would fully accommodate these time limitations. Therefore, the undersigned must reject the plaintiff's argument.

The ALJ did not find that Jones suffered from a "severe" mental impairment. This would appear appropriate. Psychologist Lea Perritt reviewed the record and opined that it did not reveal the existence of a medically determinable mental impairment. (Tr. 480). This opinion was not contradicted by that of another treating or examining source whose opinion was before the ALJ.

The Court notes that Jones submitted an additional medical record directly to the Appeals Council which was never seen by the ALJ. Thus, an issue concerning a remand for the taking of new evidence before the Commissioner is presented. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

7

A court may order additional evidence be taken before the Commissioner, "...but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..." 42 U.S.C. Section 405(g). It is obvious that such evidence must be reviewed (if at all) by the administrative agency, rather than by the court of first instance. The statute provides that a claimant must prove that the additional evidence is both material and that good cause existed for its not having been submitted at an earlier proceeding. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988). In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion if originally presented with the new evidence. Sizemore, 865 F.2d at 711. Thus, the new evidence must be "material" and "good cause" must be shown why it was not previously submitted.

The medical record with which Jones seeks a remand of the action consists of a report by Psychologist Robert Spangler dated June 15, 2004, some six days after the ALJ issued his denial decision on June 9, 2004.[2] (Tr. 578-586). The plaintiff asserts that "good cause" exists for not submitting this report in a timely fashion because at the time of the May 25, 2004 hearing, the ALJ appeared likely to make a fully favorable decision. Spangler's examination was arranged after the hearing as as precaution in view of the ALJ's first hypothetical question.[3] Thus, the claimant's representative only realized at the time of the

---

[2]The actual testing was performed on June 7, 2004 but the full report was not issued until the 15th. (Tr. 578).

[3]The plaintiff's belief that a favorable decision was likely rests upon a second hypothetical question presented to Ellis which involved an inability to work for a full eight

8

hearing that an additional mental health evaluation would be helpful. However, Jones' then-attorney did not notify the ALJ of his belief that an additional psychological examination was necessary, either at the hearing or immediately afterward, or seek any type of extention of the proceedings. Indeed, his attorney had specifically stated (albeit prior to hearing the vocational expert testify) that he had no other evidence to submit. Moreover, the exact timetable for submission of the new report to the agency is unclear; the next clear indication that the agency was aware of the existence of the examination is an order of the Appeals Council dated October 22, 2004. (Tr. 12).[4] Under the circumstances, the undersigned must conclude that there has been no "good cause" shown for failure to submit this evidence at an earlier point in time.

The decision will be affirmed.

This the _____ 19 _____ day of October, 2005.

G. WIX UNTHANK,
SENIOR JUDGE

_____

hours to which the expert identified no jobs. (Tr. 83). As previously noted, the claimant erroneously believed that Dr. Martin's limitations concerning sitting, standing and walking precluded eight hour work days.

[4]There was no cover letter from the plaintiff's attorney to the agency in connection with AC-1 and, while the report itself indicated that it was "received" on June 21, 2004, it is not clear that this was not just being received in the attorney's office.